UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


Card Technology Corporation,

    Plaintiff,

v.                                             MEMORANDUM OPINION
                                              AND ORDER
DataCard Corporation,                 Civil No. 05-2546

    Defendant

and

DataCard Corporation,

    Counterclaim Plaintiff,

v.

NBS Technologies, Inc. and
Card Technology Corporation,

    Counterclaim Defendant.

_____

    David A. Allgeyer and Mark R. Privratsky, Lindquist & Vennum, P.L.L.P. and Donald E. Stout, Antonelli, Terry, Stout & Kraus, LLP, for and on behalf of Card Technology Corporation and NBS Technologies, Inc.

    Jeffrey J. Keyes, John B. Lunseth, II, and James J. Long, Briggs & Morgan, P.A. for and on behalf of DataCard Corporation.

_____

    Counterclaim Defendants NBS Technologies, Inc. and Card Technology Corporation (collectively "Card Technology") move the Court to dismiss Count V

of the Counterclaim which asserts the claim that Card Technology tortiously interfered with Counterclaim Plaintiff DataCard Corporation's ("DataCard") prospective business advantage.

BACKGROUND

Card Technology is a wholly-owned subsidiary of NBS Holding Corp, which in turn is owned by NBS Technologies, Inc. (together referred to as "NBS").  Card Technology is a Delaware corporation that owns certain patents that provide solutions for personalization of cards, such as debit, credit and identification cards.  NBS is a Canadian corporation that provides card personalization, secure identity solutions and point of sale transaction services for financial institutions, governments and corporations worldwide.

DataCard is a Delaware corporation, with its principal place of business in Minnetonka, Minnesota.  DataCard provides equipment and software for personalizing cards.

Card Technology brought this action against DataCard for infringement of its patents.  DataCard counterclaimed that Card Technology infringed DataCard's patents and tortiously interfered with DataCard's prospective business advantage.

With respect to this last claim, DataCard has alleged that Card Technology interfered with DataCard's negotiations and eventual grant of a subcontract to supply card personalization equipment and services for a project undertaken by

the Republic of Nigeria.  DataCard alleged that it had reached an agreement in principal for this subcontract, but at the last minute, it was presented with a price increase of $3 million dollars to facilitate the payment of an alleged commission.  It was DataCard's belief, however, that the commission payment was actually a bribe.  DataCard refused to pay the bribe and was not awarded the project.  DataCard alleges instead, the contract went to Card Technology, because Card Technology agreed to pay the alleged bribe.

Card Technology moves the Court to dismiss the tortious interference with prospective business advantage claim asserted in Count V of the Counterclaim as DataCard has failed to allege the required elements of intent and causation.

Standard

For the purposes of Card Technologies' motion to dismiss, the Court takes all facts alleged in the Counterclaim as true.  Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  Further, the Court must construe the allegations in the Counterclaim and reasonable inferences arising such pleading favorably to DataCard.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief."  Id.; see Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court applies those standards in the following discussion.

Analysis

Adopting the Restatement (Second) of Torts § 766B, Minnesota courts define the elements of a tortious interference with prospective business advantage as follows:

> One who intentionally and improperly interferes with another's prospective contractual relation . . . is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relations, whether the interference consists of
>
> (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
> (b) preventing the other from acquiring or continuing the prospective relation.

United Wild Rice, Inc. v. Nelson, 313 N.W.2d 628 (Minn. 1982).

In deciding this motion to dismiss, DataCard is entitled to all reasonable inferences. In light of this standard, the Court finds that the allegations contained in the Counterclaim sufficiently state all elements of its tortious interference with prospective business advantage claim.

Accordingly,

IT IS HEREBY ORDERED that Card Technology's Motion to Dismiss Count V of the Counterclaim [Docket No. 24] is DENIED.

Date: May 16, 2006

        s / Michael J. Davis
        Michael J. Davis
        United States District Court