# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Card Technology Corporation,

       Plaintiff

   v.

DataCard Incorporated,

         Defendant,

and

DataCard Corporation,

       Counterclaim Plaintiff,

NBS Technologies, Inc. and Card
Technology Corporation,

       Counterclaim
Defendants.

**ORDER**
Civil File No. 05-CV-02546
(MJD/SRN)

_____

David Allgeyer, Lindquist & Vennum P.L.L.P., Counsel for Card Technology
Corporation.

James J. Long, Briggs and Morgan, P.A., Counsel for DataCard Corporation.

_____

    This matter is before the Court upon Card Technology's request to file a

motion for reconsideration.

1

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(g). The district court's decision on a motion for reconsideration rests within its discretion. <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

<u>Id.</u> at 414 (citation omitted). The Court has reviewed its May 21, 2008 Order and concludes that it contains no manifest errors of law or fact.

IT IS HEREBY ORDERED that Card Technology's request to file a motion for reconsideration is DENIED.

Date: June 21, 2008

s / Michael J. Davis
Michael J. Davis
United States District Court